THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* LÓPEZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan, Section 2, in a Prosecution for Slander.

No. 872.—Decided July 29, 1915.

SLANDER—CRITICISM OF PUBLIC OFFICIALS—FREEDOM OF SPEECH.—The defendant was charged with having from the platform of a labor meeting which was being held in the Plaza Hostos of Bayamón and with the purpose of disparaging Honorable Arthur Yager, Governor of Porto Rico, said that he was an imbecile, a blockhead and a brute, and that the things he was doing were the acts of a scoundrel. *Held:* That the offensive language used falls

squarely within the rule laid down by this court in *People* v. *García,* 21 P. R. R. 153, in which the judgment of conviction was reversed and the accused discharged.

ID.—PUBLIC MORALS AND DECENCY.—The lines of criminal statutes are not elastic or adjustable and the extension or stretching of them by judicial authority, even to cover conduct grossly offensive to public morals and decency, is productive of far more evil than could result from the escape of the individual offender.

The facts are stated in the opinion.

*Mr. José L. Pesquera* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant, appellant, was convicted first in the Municipal Court of Bayamón and later, upon trial *de novo,* in the District Court of San Juan, Section 2, of slander charged in a complaint filed by a district chief of police to have been committed as follows:

"That on February 22, 1915, between 7 and 8 o'clock p. m., and upon the Plaza Hostos of Bayamón, P. R., within the Municipal Judicial District of Bayamón, P. R., a part of the Judicial District of San Juan, P. R., the accused Luis López Muñiz, maliciously and publicly from the platform of a public meeting that was being held upon said plaza and with the purpose of disparaging the Honorable Arthur Yager, Governor of Porto Rico, said of him that he was an imbecile, a blockhead and a brute and that the things he was doing were the acts of a scoundrel (*canalladas*)."

It is a curious coincidence that the abusive language imputed to defendant falls so squarely within the rule laid down in *People* v. *García,* 21 P. R. R. 153, relied upon by him, as to suggest a deliberate design and malignant purpose to go as far as might be done with safety under the protection of the view of such matters taken in that case. But it is not within the province of the courts to prescribe the remedy for any evil tendency even though the symptoms indicate a faulty assimilation of fundamental principles judicially proclaimed. Nor need we dwell at length upon the facts stated in the complaint. The words imputed to defendant, pronounced at a most critical moment under circumstances that

are a matter of common knowledge, public notoriety and contemporaneous history, of which we take judicial notice without mention of details, sufficiently characterize both the speaker and his act in giving utterance thereto; and comment upon such conduct is superfluous. And, if he spoke not merely for himself but also in a representative capacity, then the stigma so stamped upon his sponsors is likewise a matter in which we need feel no concern. The hard school of experience is the only hope of salvation for those who tolerate such a mouthpiece.

In *People* v. *García, supra,* we quoted with approval the language of Judge Hook in *Demolli* v. *United States,* as follows:

"The lines of criminal statutes are not elastic or adjustable, and the extension or stretching of them by judicial authority, even to cover conduct grossly offensive to public morals and decency, as was that of Demolli, is productive of far more evil than could result from the escape of the individual offender."

The principle so announced must prevail in any free country notwithstanding such sporadic instances of deliberately offensive outbursts bordering on abuse of the liberty of speech thus guaranteed to all citizens.

The judgment appealed from must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.